UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FRANCISCO FLORES MARTINEZ,
Petitioner,

v.

CHRISTOPHER J. LaROSE, Senior Warden, Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 26-cv-4412-RSH-JLB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On August 2, 2026, petitioner Francisco Flores Martinez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The merits have been fully briefed. *See* ECF Nos. 4 (return), 5 (traverse).

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The Petition brings two claims, alleging that (1) the government revoked Petitioner's release on conditional parole in violation of applicable regulations, the Administrative Procedure Act (the "APA"), and the due process clause; and (2) the due process clause

separately required a notice and hearing before revoking his release. ECF No. 1 ¶¶ 44-57. Petitioner requests that the Court order the government "to immediately release Petitioner from custody, subject to the conditions of his preexisting release." *Id.* at 20.

The Petition appears to contain numerous factual errors, including some internal inconsistencies. The Petition alleges that Petitioner was arrested on July 7, 2026. *Id.* ¶¶ 2, 41. In his traverse, however, Petitioner acknowledges that he was arrested on June 3, 2026. ECF No. 5 at 2, 4. The Petition alleges that Petitioner has no criminal record, but also alleges that he had a "minor traffic infraction (running a red light with expired documentation)." ECF No. 1 ¶¶ 2, 43. In his reply, however, Petitioner acknowledges that on September 30, 2025, he pleaded no contest to a narcotics offense in Florida state court. ECF No. 5 at 4. The Petition alleges that Petitioner has lived and worked in the United States for approximately 30 years, but states elsewhere that he has resided in the United States for approximately four years. ECF No. 1 ¶¶ 41, 54. The Petition in one instance erroneously identifies Petitioner as "Ms. Arias Tovar." ECF No. 1 ¶ 14.

In its return, the government highlights some of the factual errors in the Petition, and more fundamentally, argues that there is no evidence that Petitioner was ever released on conditional parole. ECF No. 4 at 1.

In his traverse, Petitioner acknowledges many of the factual errors in the Petition, and no appears to longer advance a factual claim that he was previously granted conditional parole—instead arguing that the legality of his detention does not depend on whether he was previously granted conditional parole. *See* ECF No. 5 at 10 ("Respondents emphasize that the record submitted with the Return does not document a prior grant of conditional parole and that their account describes June 3, 2026 as Petitioner's first ICE detention. Even accepting that account for purposes of deciding the present Return, the conclusion Respondents draw does not follow."). However, the first claim in the Petition was expressly based on the unlawful revocation of his conditional parole, a factual premise that Petitioner appears to have abandoned. The second claim in the Petition also seems to presuppose his prior conditional release by the government. ECF No. 1 ¶ 54 ("It does not matter that

release is temporary or discretionary."). To the extent that the second claim is read to contend more broadly that due process requires a hearing before an immigration arrest of anyone who has entered the United States, Petitioner does not adequately support such a claim.

The Court declines to fashion an amended petition from the various questions that Petitioner raises in his traverse. Petitioner has not established that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: August 26, 2026

Hon. Robert S. Huie
United States District Judge